IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AARON DANIEL APPLING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:25-CV-41-WKW |
| ) | [WO] |
| ROLANDA CALLOWAY and ) | |
| STEVE MARSHALL, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANUM OPINION AND ORDER**

### I.  INTRODUCTION

Petitioner Aaron Daniel Appling, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which was docketed on January 5, 2025. For the reasons to follow, the petition will be dismissed without prejudice to permit Mr. Appling to exhaust his claims in state court.

### II.  BACKGROUND

Mr. Appling challenges his conviction of first-degree rape after a jury trial in the Circuit Court of Lee County and the resulting sentence.  (Doc. # 1 at 1.)  In his petition, Mr. Appling notes that the direct appeal of his conviction and sentence is pending before the Alabama Court of Criminal Appeals.  (Doc. # 1 at 2.) Independent verification through *Alacourt.com* confirms that Mr. Appling was

convicted on April 11, 2024, sentenced on September 10, 2024, and filed a direct appeal on January 14, 2025, which remains pending. *See State v. Aaron Daniel Appling*, 43-CC-2021-00238.00.

### III. DISCUSSION

Because Mr. Appling's direct appeal still is pending before the Alabama Court of Criminal Appeals, his § 2254 petition will be dismissed without prejudice to allow him to exhaust his state court remedies. A petitioner must exhaust state court remedies before seeking relief through a federal habeas corpus petition, as required by 28 U.S.C. § 2254(b)(1). This ensures the State has an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989).

To meet the exhaustion requirement, the federal habeas petitioner must have "'fairly presented' to the state courts the 'substance' of his federal habeas claim." *Lucas v. Sec'y, Dep't of Corrs.*, 682 F.3d 1342, 1353 (11th Cir. 2012) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In other words, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This one complete round can be satisfied either through a direct appeal to the Alabama appellate courts or through a post-conviction

petition for collateral review under Rule 32 of the Alabama Rules of Criminal Procedure. *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review to the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); *see also Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) ("A complete round of the state appellate process includes discretionary appellate review 'when that review is part of the ordinary appellate review procedure in the State.'"); Ala. R. App. P. 39 & 40.

Furthermore, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, *see* 28 U.S.C. § 2254 Rule 4." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Eleventh Circuit has affirmed such *sua sponte* dismissals without prejudice for unexhausted habeas petitions. *See, e.g.*, *Esslinger v. Davis,* 44 F. 3d 1515, 1524 (11th Cir. 1995).

Based on a review of Mr. Appling's § 2254 petition and the state court records, it is clear that he has not exhausted his state court remedies regarding the claims in his petition. Mr. Appling himself admits that his direct appeal remains pending. (Doc. # 1 at 2.) It is premature, therefore, to address the merits of Mr. Appling's claims before he has fully exhausted his state court remedies. § 2254(b)(1).

## IV.  CONCLUSION

Accordingly, it is ORDERED that Mr. Appling's petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of first-degree rape in the Circuit Court of Lee County and the resulting sentence, is DISMISSED without prejudice for failure to exhaust his state court remedies.

Final judgment will be entered separated.

DONE this 30th day of January, 2025.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE